IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

FILED
2011 OCT 12 P 3: 01
CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

JANE DOE
  c/o Jenner & Block LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001

      Plaintiff,

v.

LINDA HOWARD
RUSSELL HOWARD
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *
Arlington, VA 22204

      Defendants.

Case No. 1:11 CV 1105

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMMENCE AND PROCEED USING A PSEUDONYM

Plaintiff, a victim of human trafficking, hereby submits this Memorandum of Points and Authorities in support of her Motion to Commence and Proceed Using a Pseudonym. Plaintiff is currently in hiding in an undisclosed location. Defendant Russell Howard has actively pursued her, traveling from Virginia to Ethiopia to search for Plaintiff. Plaintiff faces very real threats of injury to herself and her family should her identity and location be publicly disclosed. To guard against this danger, the Plaintiff respectfully requests permission to commence and proceed with this action using a pseudonym.

### FACTUAL BACKGROUND

This case arises under the Trafficking Victims Protection Act, 18 U.S.C. §§ 1583-84,

---

*Mrs. Doe redacts the home address of Defendants pursuant to the Court's Guide to the amendments to Local Civil Rule 7 Concerning Personal Identifiers.

1589, and 1590, and a state law claim under supplemental jurisdiction, for the involuntary servitude, forced labor, and sexual brutality inflicted on Mrs. Doe by the Defendants. Mrs. Doe has named a current employee of the United States Department of State and her husband as the Defendants in this case. *See* Compl. ¶¶ 1-2.

Defendants Russell and Linda Howard ("the Howards") conspired to traffic Mrs. Doe to Tokyo, Japan to serve as their live-in domestic servant. Over a period of several months after her arrival in Japan, Mrs. Doe was repeatedly raped and brutally sexually assaulted by Russell Howard. The sexual assaults included forced oral sex. The Howards held Mrs. Doe in involuntary servitude through violence, intimidation, threats of deportation, and the burden of financial debt. *Id.* ¶¶ 6-9, 27-44, 49-53. Russell Howard told the Plaintiff that Defendants had sexually abused their previous domestic servants. *Id.* ¶¶ 8, 31, 52. Defendants trafficked the Plaintiff to Japan for the purpose of providing Russell Howard with sexual services, in addition to performing household labor. *Id.* ¶ 44, 49-52.

Mrs. Doe eventually escaped from the Howards' Tokyo residence and found safety in a women's shelter in Japan. *Id.* ¶¶ 60-63. While at the shelter in Japan, she cooperated with United States law enforcement in a criminal investigation of the Howards' crimes. *Id.* ¶ 65. Because she fears retaliation from the Howards, Mrs. Doe has remained in hiding in an undisclosed location since her escape from the Howards' residence.

Mrs. Doe is a mother with two young children, aged thirteen and seven. (*See* Affidavit ("Affidavit") of Jane Doe in Support of Plaintiff's Motion to Commence and Proceed Using A Pseudonym (attached as Exh. A), at ¶ 3.) Dire economic circumstances forced Mrs. Doe to move abroad to support her children financially. *Id.* ¶ 4. For the entire period that she lived abroad, Mrs. Doe tried to sustain a relationship with her children through letters and occasional phone

calls. *Id.* ¶ 5. She sent her miniscule earnings home to her children, even while suffering severe abuse thousands of miles away. *See id.* Her primary concern has always been, and continues to be, her children's well-being. *Id.*

Mrs. Doe wishes to remain in hiding, fearing reprisals should the Howards identify her location. These fears are well-founded. In June 2011, Russell Howard traveled to Addis Ababa, Ethiopia to hunt for Mrs. Doe. Compl. ¶¶ 67-68. Upon arrival, he called Mrs. Doe's relative and demanded that he come to the hotel to meet with him. *Id.* When the Plaintiff's relative did not arrive at the hotel, Russell Howard went to the police station. *See id.* ¶ 69. Russell Howard explained in an email to Mrs. Doe that he had selected this station because it was the "nearest station to where [her relative's] bank account is held." *See* 6/21/2011 Email from Howard to Doe, attached as Exh. 1 to Affidavit. At the police station, Russell Howard lodged a criminal complaint against Mrs. Doe for "blackmail and perjury," which "remains on police files." *Id.* Russell Howard also has "asked that [Mrs. Doe be] formally investigated" in "the United States." *Id.* His email further stated, "I will have you charged in Tokyo and/or Australia for the same crimes." *Id.* In sum, Russell Howard has demonstrated that he is willing to take extraordinary steps to locate and harm Mrs. Doe. Mrs. Doe's fear of retaliation is very real.

The Howards already know Mrs. Doe's identity. Indeed, they recruited her and forced her into sexual and domestic servitude in Japan. So far, Russell Howard's efforts to identify Mrs. Doe's whereabouts have failed. He has enlisted the local police of Ethiopia to assist him in finding Mrs. Doe. Compl. ¶¶ 68-69; *see also* Affidavit ¶ 9. Mrs. Doe fears he will physically harm her.

Because of privacy concerns, Mrs. Doe has not spoken to the press about the abuse she suffered. Affidavit ¶¶ 16-17. She has not made any public statements whatsoever. *Id.* Rather,

she has attempted to recover from the extreme trauma she suffered in the Howards' residence. Her lawyers have similarly remained silent. *Id.* ¶ 16. Mrs. Doe has taken all appropriate steps to avoid attracting the attention of the press – in the United States, Japan, or Ethiopia – to the crimes she suffered. *Id.* ¶ 17. She fears that the press, through use of databases and public records searches, might succeed where Russell Howard has failed. *Id.* ¶ 18. The press could inadvertently assist the Howards in finding Mrs. Doe or her family. *See id.* That is an outcome that Mrs. Doe seeks to avoid at any cost. *Id.* ¶ 19. Already the victim of brutal, sexual attacks, Mrs. Doe fears any confrontation with Russell Howard. *Id.*

The Defendants have a documented history of extreme volatility toward Mrs. Doe. Publicity resulting from judicial proceedings in the United States could result in exposure of Mrs. Doe's location. Similarly, release of her name could inadvertently assist the Howards in locating Mrs. Doe's family in Ethiopia. Defendant Russell Howard's efforts to locate Mrs. Doe and her relatives in Ethiopia provide compelling evidence that Mrs. Doe's identity and location should be protected at all costs. Mrs. Doe fears for her personal safety, as well as that of her children and family. It is not mere humiliation she seeks to avoid, but real threats to her family's physical and mental well-being.

## ARGUMENT

### I. THE COURT HAS BROAD DISCRETION TO PROTECT THE PRIVACY OF PARTIES THROUGH THE USE OF PSEUDONYMS.

This Court has broad discretion to permit plaintiffs to proceed anonymously. "The decision whether to permit parties to proceed anonymously at trial is one of many involving management of the trial process that for obvious reasons is committed in the first instance to trial court discretion." *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). Courts routinely recognize the imperative for certain plaintiffs to conceal their identities. *Id.* at 238 ("The rule…is

that under appropriate circumstances anonymity may, as a matter of discretion, be permitted."). The Fourth Circuit has developed a five-factor test to assist judges in their duty to "inquire into the circumstances of particular cases to determine whether the dispensation is warranted." *Id.* That test requires a careful analysis of the following questions:

1. Whether the party seeking to litigate under a pseudonym seeks merely to avoid the annoyance and criticism that accompanies a civil case, or whether that party hopes to preserve privacy in a matter that is sensitive and of a highly personal nature;

2. Whether identification poses a risk of retaliatory physical or mental harm to the requesting party or to innocent non-parties;

3. The ages of the persons whose privacy interests are sought to be protected;

4. Whether the action is against a governmental or a private party; and

5. The risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* As explained below, all five factors weigh in favor of granting Mrs. Doe anonymity in this case.

## II. ANONYMITY WOULD PRESERVE PRIVACY IN A MATTER THAT IS SENSITIVE AND CONCERNS A HIGHLY PERSONAL MATTER.

Courts permit anonymity when the "justification asserted by the requesting party is to preserve privacy in a matter of sensitive and highly personal nature" rather than "merely to avoid the annoyance and criticism that may attend any litigation." *James,* 6 F.3d at 238. *See also Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F.2d 707, 712-13 (5th Cir. 1979) (recognizing the need to safeguard privacy through the use of pseudonyms in sensitive matters "such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families"). Few topics are as sensitive and highly personal as an individual's sexual history. When that history includes trafficking, forcible rape, and forced

5

oral sex, the level of sensitivity increases exponentially. The facts alleged in the Complaint are precisely the type of material most appropriately protected as private. *See EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003) ("many courts have held that, in lawsuits centering around sexual activity and behavior, a plaintiff is entitled to proceed under a pseudonym where revealing the plaintiff's name subjects him or her to the risk of public disapproval, harassment, or bodily harm"). Mrs. Doe's victimization in this matter is extremely sensitive. It has already caused her severe psychological, emotional, and physical distress. She does not seek to avoid mere annoyance. She seeks to avoid press coverage that could compromise her own safety, as well as that of her family. In this special circumstance, Plaintiff has significant privacy interests bearing on her own welfare, as well as that of her minor children. Permitting Plaintiff to proceed anonymously will protect her privacy as she continues to rebuild her life after months of systematic rape, sexual abuse, involuntary servitude, forced labor, and trafficking. It will also protect the privacy interests of her young children.

Plaintiff understands that allegations of rape and sexual assault do not automatically justify the use of a pseudonym. In one case involving sexual assault, a district court in North Carolina denied plaintiff's request to proceed anonymously. *Doe v. N.C. Cent. Univ.*, No. 1:98-CV-01095, 1999 WL 1939248 (M.D.N.C. Apr. 15, 1999). But that unreported opinion is easily distinguished. There, the plaintiff did not have any children affected by the allegations in the complaint. The use of her name posed "no risk to innocent non-parties." *Id.* at *4. Moreover, the plaintiff's attorney had leveled several allegations against defendant in the news media. The court concluded that it would be "unfair to Defendant to allow Plaintiff to make these charges publicly, through the media, while [the plaintiff] hides behind a 'cloak of anonymity.'" *Id.* at *5. Those are not the facts in Mrs. Doe's case. Mrs. Doe wishes to protect her children's privacy

6

and well-being. She has realistic safety concerns based on Defendant Russell Howard's past erratic conduct. And she has worked diligently to preserve her own privacy: neither her attorneys nor Mrs. Doe has contacted the news media. The first factor cuts unambiguously in Mrs. Doe's favor.

### III. IDENTIFICATION WOULD POSE A SIGNIFICANT RISK OF RETALIATORY PHYSICAL AND MENTAL HARM TO MRS. DOE AND HER CHILDREN, WHO ARE INNOCENT NON-PARTIES.

Courts are particularly willing to permit plaintiffs to proceed anonymously when the risk of retaliatory harm by defendants could jeopardize the safety of plaintiffs and vulnerable non-parties. *See James,* 6 F.3d at 238 (permitting the use of pseudonyms when "identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties").

#### A. Russell Howard Has Demonstrated that He Is Capable of Inflicting Physical Harm.

Russell Howard's violent rapes form the core of this Complaint. His behavior is both unpredictable and threatening. And he has shown himself to be a dangerous and ruthless adversary. Russell Howard's willingness to travel 8,000 miles from Virginia to Addis Ababa to confront Mrs. Doe's husband and search for Mrs. Doe merely underscores the threat that he poses. His effort to involve the local police to harass Mrs. Doe's family further illustrates his intent to retaliate. Mrs. Doe's safety is currently predicated on one fact: Russell Howard does not know where she is hiding. Exposure of her true identity and location in the press could eliminate this shield. Mrs. Doe fears for her own safety. Those fears are justified.

#### B. Mrs. Doe Seeks to Avoid Inflicting Emotional Trauma on Her Children.

Her fears also extend to her relatives and children – all innocent non-parties to the litigation. The email that Russell Howard sent following or during his visit to Ethiopia included

a mention of Mrs. Doe's two children. Affidavit, Exh. 1. He is certainly aware of their existence. Mrs. Doe does not want her children or other family members to learn of the sordid abuse that she suffered while held in Japan. She fears that knowledge of the violent abuse inflicted by the Howards would have an adverse impact on her children's mental health. She also fears that accidental knowledge of the details of the abuse, as contained in the Complaint, would have an adverse affect on her relationship with her children. The children are very young. They would not understand the sexual torture that their mother suffered. They should not learn of it. And they should not be subjected to inquiries about this abuse from reporters or other members of the public. Such knowledge would certainly lead to mental anguish for these innocent parties.

The present case is likely to garner press coverage. Use of a pseudonym will prevent the press from contacting Mrs. Doe directly. Such contact might disclose her location to Defendants. Use of a pseudonym will also prevent publication of Mrs. Doe's real name on the internet. The power of Google extends far beyond newspapers. As one district court recently noted, "The modern invention of today includes access to court files by those surfing the internet." *N.Y. Blood Ctr.*, 213 F.R.D. at 112. An internet search could reveal this lawsuit to Mrs. Doe's children. It could reveal her identity to third parties, who might inform the children of the abuse. Mrs. Doe wishes to avoid inflicting such trauma on her children. As in *E.W. v. New York Blood Center,* "The facts of this case provide no occasion for imposing such an invasion of privacy as the price for litigating a legitimate private complaint." 213 F.R.D. at 113. Permitting the Plaintiff to proceed anonymously would guard against this outcome, protecting the privacy rights and safety of her young children. The second factor cuts unambiguously in Mrs. Doe's favor.

## IV. MS. DOE'S CHILDREN ARE VERY YOUNG.

The third factor that courts assess is the ages of the persons whose privacy interests plaintiff seeks to protect. Courts are frequently "more willing to allow parties to proceed anonymously in order to protect the privacy rights of children." *N.C. Cent. Univ.*, 1999 WL 1939248 at *2. Mrs. Doe is an adult, but her children are quite young: just thirteen and seven years of age. Inadvertently learning of their mother's case would cause significant emotional distress for these children. Similarly, attention from media would severely disrupt their lives. These children have already suffered due to long term separations from their mother. It is important to protect the privacy of these non-party innocents. This factor cuts entirely in the plaintiff's favor.

## V. THE CASE IMPLICATES GOVERNMENT ACTORS.

Although Mrs. Doe has not brought this case against the United States or Ethiopia, both countries have an interest in the litigation. The case involves a U.S. Government employee and her spouse, stationed abroad as official representatives of the United States. Similarly, Defendant Russell Howard has intentionally drawn the Ethiopian authorities into the case, filing criminal complaints against Mrs. Doe in Ethiopia, her home country. It is not known whether the government of Ethiopia will follow up on these baseless complaints lodged against Mrs. Doe. This factor cuts in Plaintiff's favor, although admittedly with less force.

## VI. DEFENDANTS WOULD SUFFER NO PREJUDICE FROM PERMITTING PLAINTIFF TO PROCEED ANONYMOUSLY.

Courts also assess the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *James*, 6 F.3d at 238. In the present case, the Defendants will suffer no prejudice if the court permits the Plaintiff to proceed anonymously. Defendants are already aware of Plaintiff's identity. *See N.Y. Blood Ctr.*, 213 F.R.D. at 112 (identifying no

prejudice to defendant where defendant "already knew plaintiff's name"). Shielding Mrs. Doe's identity from the general public and protecting her location would pose no barriers to the Defendants' ability to present a robust defense in this matter. This factor cuts entirely in Mrs. Doe's favor.

## CONCLUSION

The Plaintiff's use of a pseudonym is warranted in this unusual case. Privacy and safety interests – for both the Plaintiff and her children – militate in favor of anonymity. All of the five factors of the test in the Fourth Circuit cut in Mrs. Doe's favor. Protecting Mrs. Doe and her innocent non-party children will have no adverse impact on the Defendants. For all of the foregoing reasons, this Court should grant Plaintiff's Motion to Commence and Proceed Using a Pseudonym.

Respectfully submitted,

Dated: 10/13/11

By: _____
Daniel E. Chudd
(VA Bar No. 65335)
dchudd@jenner.com
Lorelie S. Masters*
lmasters@jenner.com
Martina E. Vandenberg*
mvandenberg@jenner.com

JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001
Phone: 202-639-6000
Fax: 202-639-6066

*Counsel for Plaintiff Jane Doe*

\* Admission *pro hac vice* pending in this jurisdiction.