**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

_____

JANE DOE

               Plaintiff,

v.

                                             Case No. 1:11 CV 1105

LINDA HOWARD
RUSSELL HOWARD

               Defendants.

_____

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
STRIKE DEFENDANT'S REQUEST TO DENY ENTRY OF DEFAULT AGAINST
DEFENDANT RUSSELL HOWARD, OR IN THE ALTERNATIVE, FOR EXPEDITED
DISCOVERY ON ISSUES RELATED TO SERVICE OF PROCESS**

      Plaintiff Jane Doe hereby submits this Memorandum of Points and Authorities in Support

of her Motion to Strike Defendant's Request to Deny Entry of Default Against Defendant

Russell Howard, or in the alternative, for Expedited Discovery on Issues Related to Service of

Process.  Defendant Linda Howard is not an attorney, and the law in this Circuit is clear that a

non-attorney spouse is not entitled to represent her husband in federal court.  No case holds

otherwise, and there is no reason that this Court should deviate from the rule and reasoning

articulated by other courts in this Circuit by permitting Mrs. Howard to proceed on her husband's

behalf.  Accordingly, Mrs. Howard's Request to Deny Entry of Default Against Defendant

Russell Howard is improper and should be stricken from the record.

      Alternatively, if the Court concludes that Mrs. Howard's filing should not be stricken,

then Ms. Doe respectfully requests that she be permitted to conduct limited, expedited discovery

on issues relating to service of process so that she can fully and adequately respond to the

Request to Deny Entry of Default on the merits.

## BACKGROUND

Ms. Doe filed a Complaint against Defendants Linda Howard and Russell Howard on

October 12, 2011, alleging claims arising out of involuntary servitude, forced labor, sexual

abuse, and human trafficking.[1]  ECF No. 1.  The Complaint was served on Mrs. Howard

personally and on Mr. Howard by substitute service.  *See* ECF Nos. 16 & 26 (reflecting service

of both the initial Complaint and First Amended Complaint on Mr. Howard, by substitute

service).  Mrs. Howard, proceeding pro se, filed an Answer on December 2, 2011.  ECF No. 27.

Mr. Howard has not filed an Answer.  On February 8, 2012, Ms. Doe filed a Request to Enter

Default Against Defendant Russell Howard, ECF No. 35, and on February 10, 2012, the Clerk of

the Court entered default in accordance with Rule 55(a) of the Federal Rules of Civil Procedure.

ECF No. 36.  On February 17, 2012, Mrs. Howard filed a Request to Deny Entry of Default

Against Defendant Russell Howard.  ECF No. 37.  Mrs. Howard's "request" alleges that the

default entered by the Clerk should be "denied" because service of process on Mr. Howard was

insufficient under the Federal Rules of Civil Procedure.  *See id.*

## ARGUMENT

**I.      Because Mrs. Howard Is Not Permitted To Represent Her Husband, Her Request
         To Deny Entry Of Default Is Improper And Should Be Stricken.**

Mrs. Howard's Request to Deny Entry of Default constitutes an improper attempt to seek

relief on her husband's behalf.  Mr. and Mrs. Howard are separately named defendants in this

action, and the litigation up to this point has proceeded as such.  As noted above, Mrs. Howard

filed an answer on her own behalf on December 2, 2011.  Since that time, Mrs. Howard,

---

[1] Plaintiff subsequently filed a First Amended Complaint on November 14, 2011.  ECF No. 18.

proceeding pro se, and Ms. Doe, through counsel, have met and conferred in accordance with
Federal Rule of Civil Procedure 26(f).  *See* ECF No. 34 (Plaintiff Jane Doe's Rule 26(f) Report).
By contrast, Mr. Howard has not filed an answer or otherwise responded to Ms. Doe's
complaint, nor did he take part in the Rule 26(f) conference.  Accordingly, the default entered
against Mr. Howard by the Clerk of the Court is not an action against Mrs. Howard and has no
bearing whatsoever on the claims asserted against her.  Mrs. Howard's request therefore appears
to be a request for relief by Mrs. Howard made on behalf of Mr. Howard, her husband.

Although Mrs. Howard is entitled to proceed pro se under 28 U.S.C. § 1654, that statute
does not give her the right to appear on someone else's behalf.  *See* 28 U.S.C. § 1654 ("In all
courts of the United States the parties may plead and conduct *their own cases personally* or by
counsel . . . ." (emphasis added)); *Myers v. Loudoun County Pub. Schs.*, 418 F.3d 395, 400 (4th
Cir. 2005); *Witherspoon v. Jeffords Agency, Inc.*, 88 F. App'x 659, 659 (4th Cir. 2004) (per
curiam); *Gallo v. United States*, 331 F. Supp. 2d 446, 447 (E.D. Va. 2004).  As the Fourth
Circuit explained in *Myers*, "[a]n individual unquestionably has the right to litigate his *own*
claims in federal court, before both the district and appellate courts. . . .  The right to litigate for
oneself, however, does not create a coordinate right to litigate for *others*."  *Myers*, 418 F.3d at
400 (emphasis in original).  To the contrary, an attempt by a party who is not a licensed attorney
to represent the rights of others constitutes the unauthorized practice of law, even when the party
being represented by the non-lawyer is a spouse or child.  *See id.* at 401 (holding that "non-
attorney parents generally may not litigate the claims of their minor children in federal court");
*Securities & Exchange Comm'n v. White*, Civ. Action No. 8:11-944-HMH-KFM, 2011 WL
1544202, at *2 (D.S.C. Apr. 22, 2011) (concluding that the movant's wife, a non-attorney, could
not represent him even though the wife had the authority under a power of attorney to act on her

3

husband's behalf); *Gallo*, 331 F. Supp. 2d at 447-48 (rejecting mother's attempt to represent her infant child in suit seeking damages for injuries sustained from negligent medical care by military personnel).

Courts within the Fourth Circuit addressing these issues have made clear that the prohibition on pro se parties representing other unrepresented individuals is not based merely on a technical reading of 28 U.S.C. § 1654.  Rather, two important considerations reinforce the rule: "the state interest in regulating the practice of law and the importance of adequate legal representation to the litigant." *Gallo*, 331 F. Supp. 2d at 447 (citing *Brown v. Ortho Diagnostic Sys., Inc.*, 868 F. Supp. 168, 171-72 (E.D. Va. 1994)); *see also Myers*, 418 F.3d at 400 ("The reasoning behind this rule is two-fold:  it protects the rights of those before the court, and jealously guards the judiciary's authority to govern those who practice in its courtrooms." (internal citations omitted)).  Permitting Mrs. Howard to litigate on her husband's behalf would clearly undercut both of these principles, jeopardizing Mr. Howard's rights and subjecting Ms. Doe and this Court to the burden of forbearing Mrs. Howard's representation on his behalf. *See Brown v. Ortho Diagnostic Sys., Inc.*, 868 F. Supp. 168, 171-72 (E.D. Va. 1994) ("Regulation that excludes non-lawyers from representing others reflects that the conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents, but also for his adversaries and the court.").  For these reasons, the Court should strike Mrs. Howard's filing from the record.

II.     **If This Court Denies The Motion To Strike, Ms. Doe Is Entitled To Discovery on the Sufficiency of Service of Process.**

In the event that this Court does not agree that Mrs. Howard's filing should be stricken, Ms. Doe will – and expressly reserves the right to – respond on the merits to the Request to Deny Entry of Default, in which Mrs. Howard argues that there was "insufficient service of process"

4

on Mr. Howard. *See* ECF No. 37. But because the propriety of service "turns on the facts and circumstances of each case," *Ali v. Mid-Atlantic Settlement Servs., Inc.*, 233 F.R.D. 32, 35 (D.D.C. 2006), Ms. Doe respectfully requests that she be given an opportunity to conduct expedited jurisdictional discovery on issues related to service of process before being required to file a substantive response to Mrs. Howard's filing.

This Court has broad authority to authorize discovery on issues related to personal jurisdiction and service of process. *See, e.g.*, *Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory"*, 283 F.3d 208, 216 n.3 (4th Cir. 2002) ("[T]he decision of whether or not to permit jurisdictional discovery is a matter committed to the sound discretion of the district court."); *Weinstein v. Todd Marine Enters., Inc.*, 115 F. Supp. 2d 668, 676 (E.D. Va. 2000) ("A district court may allow a party asserting jurisdiction to conduct discovery to help establish the jurisdictional facts, and the court of appeals will overturn that determination only for abuse of discretion." (citing *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 697 (1982), and *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 64 (4th Cir. 1993))). Jurisdictional discovery is both proper and advisable where the plaintiff demonstrates that such discovery is needed to oppose the defendant's challenge to jurisdiction. *See Rich v. KIS Cal., Inc.*, 121 F.R.D. 254, 259 (M.D.N.C. 1988); *see also Siderman de Blake v. Republic of Argentina*, 965 F.2d 699, 713 (9th Cir. 1992) ("Where pertinent facts bearing on the question of jurisdiction are in dispute, discovery should be allowed . . . ." (quotation marks omitted)).

Limited discovery on issues related to the sufficiency of service of process on Mr. Howard is clearly appropriate here. In this case, a process server served Mr. Howard by delivering copies of both the Complaint and the First Amended Complaint (along with summonses) to Mrs. Howard at their apartment in Arlington, Virginia. *See* ECF Nos. 16 & 26.

5

If service has been properly challenged, Ms. Doe could contend that this service was proper pursuant to Federal Rule of Civil Procedure 4(e)(2)(B), which permits service by "leaving a copy of [the summons and of the complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." In addition, Ms. Doe could argue that Rule 4 should be liberally construed to effectuate service because Mr. Howard has received actual notice of the pendency of the action. *See, e.g.*, *Armo, Inc. v. Penrod-Stauffer Bldg. Sys.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

Discovery is necessary to permit Ms. Doe to establish facts in support of these contentions. In particular, Ms. Doe will need discovery on questions related to whether the Arlington apartment is Mr. Howard's "dwelling or usual place of abode," such as whether he receives mail at that address, whether his name is listed on the lease for the apartment, and whether he continues to reside there. Likewise, discovery is needed to determine whether Mr. Howard has received actual notice of the lawsuit through, for example, written or oral communications with Mrs. Howard. Accordingly, in the event that the Court denies the motion to strike, Ms. Doe respectfully requests that the Court (1) order expedited discovery on these issues, and (2) extend the deadline for Ms. Doe to respond to Mrs. Howard's Request to Deny Request for Default until such discovery has been completed.

Respectfully submitted,

Dated:  February 24, 2012       By:_____/s/ Daniel E. Chudd_____
                                   Daniel E. Chudd (VA Bar No. 65335)
                                   Sarah A. Maguire (VA Bar No. 71232)
                                   Lorelie S. Masters (*Pro Hac Vice*)
                                   Leah J. Tulin (*Pro Hac Vice*)
                                   Maya D. Song (*Pro Hac Vice*)

JENNER & BLOCK LLP
1099 New York Ave., N.W., Suite 900
Washington, D.C. 20001
Phone:  202-639-6000
Fax:  202-639-6066

*Counsel for Plaintiff Jane Doe*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2012, a true and correct copy of the foregoing

Memorandum of Points and Authorities was electronically filed.  As such, this notice was served

on all parties who are deemed to have consented to electronic service.  I also caused to be served

by U.S. Mail and electronic mail a copy of the Memorandum of Points and Authorities upon the

following:

LINDA HOWARD
1028 Walter Reed Dr. Apt. 634
Arlington, VA 22204
howardl@state.gov
russlindy@gmail.com


RUSSELL HOWARD
1028 Walter Reed Dr. Apt. 634
Arlington, VA 22204
jackforhawks@gmail.com
russlindy@gmail.com


___/s/ Daniel E. Chudd_____

Daniel E. Chudd

*Counsel for Plaintiff Jane Doe*