**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

JANE DOE

        Plaintiff,

v.

                                      Case No. 1:11 CV 1105

LINDA HOWARD
RUSSELL HOWARD

        Defendants.

**MEMORANDUM IN OPPOSITION TO DEFENDANT LINDA HOWARD'S SECOND
AND THIRD MOTIONS TO DISMISS**

Plaintiff Jane Doe ("Plaintiff") hereby submits this Memorandum in Opposition to

Defendant Linda Howard's Second and Third Motions to Dismiss (collectively, the "Motions"),

for failure to join under Fed. R. Civ. P. 12(b)(7), which are styled as motions arising under Fed.

R. Civ. P. 19. ECF No. 56, 58.[1]

In the Motions, Defendant Linda Howard ("Mrs. Howard") again challenges the Court's

jurisdiction over Defendant Russell Howard ("Mr. Howard"). By arguing that Mr. Howard is an

"indispensible" party who "cannot be joined," Mrs. Howard seeks collaterally to attack matters

previously decided by this Court. The Motions also fail on substantive grounds, because

Plaintiff has pled sufficient facts to support her claim that Mr. Howard was properly served and

that, if he was not properly served, his joinder is neither necessary nor indispensible.

Accordingly, Plaintiff respectfully requests that this Court deny Mrs. Howard's Motions.

---

[1] Defendant's third Motion appears to be substantively identical to Defendant's second Motion,
except that the third Motion seeks a later hearing date.

## BACKGROUND

Mrs. Doe filed a Complaint against Mr. and Mrs. Howard on October 12, 2011, alleging claims arising out of involuntary servitude, forced labor, sexual abuse, and human trafficking.[2] ECF No. 1.  The Complaint was served on Mrs. Howard personally and on Mr. Howard by substitute service.  ECF Nos. 16, 26 (reflecting service of both the initial Complaint and First Amended Complaint on Mr. Howard, by substitute service).  Mrs. Howard, proceeding *pro se*, filed an Answer on December 2, 2011.  ECF No. 27.  Mr. Howard has not filed an Answer.  On February 8, 2012, Plaintiff filed a Request to Enter Default Against Defendant Russell Howard, ECF No. 35, and on February 10, 2012, the Clerk of the Court entered default in accordance with Rule 55(a) of the Federal Rules of Civil Procedure.  ECF No. 36.  On February 17, 2012, Mrs. Howard filed a Request to Deny Entry of Default Against Defendant Russell Howard.  ECF No. 37.  Plaintiff moved to strike Defendant's Request to Deny Entry of Default on February 24, 2012, primarily on the ground that Mrs. Howard could not advance his case on his behalf.  ECF No. 42-43.  The Court granted Plaintiff's Motion to Strike on February 27, 2012.  ECF. No. 45.

Mrs. Howard filed her first Motion to Dismiss on February 17, 2012, citing as grounds — with little elaboration — Fed. R. Civ. P.12(b)(1) and (b)(6).  ECF No. 38.  Plaintiff opposed these motions, *see* ECF. No. 49, and this Court denied Defendant's Motion to Dismiss on March 27, 2012.  ECF No. 54.

In addition, on March 21, 2012, this Court issued a Rule 16(b) Scheduling Order mandating that "[a]ll Fed. R. Civ. P. 12 issues shall be raised in one pleading unless leave of court is first obtained."  ECF No. 53.  On April 4, 2012 and April 9, 2012, Defendant Linda

---

[2] Plaintiff subsequently filed a First Amended Complaint on November 14, 2011.  ECF No. 18.

Howard filed a second and third Motion to Dismiss.  It is these motions that Mrs. Doe seeks to

oppose. ECF No. 56 and 58.

## ARGUMENT

### A. THE MOTIONS CONSTITUTE COLLATERAL ATTACKS ON THIS COURT'S JURISDICTIONAL FINDINGS AND DECISION TO STRIKE DEFENDANT'S REQUEST TO DENY ENTRY OF DEFAULT AGAINST RUSSELL HOWARD.

The Motions must be denied because they constitute a collateral attack on a previously

decided issue.  It is well-settled that "when a court construes a rule of law, such construction

should continue to govern the same issues in subsequent stages of the same case." *Coles v.*

*Deltaville Boatyard, LLC,* No. 3:10cv491-DWD, 2011 WL 1750896, at *3 (E.D. Va. May 6,

2011) (internal quotation marks omitted); *United States v. Aramony*, 166 F.3d 655, 661 (4th Cir.

1999).  The purpose of this rule is to "promote[] judicial economy and finality throughout the

course of litigation … rather than several variations thereof in a single case." *Coles*, 2011 WL

1750896, at *3; *see also Walker v. Kelly*, 589 F.3d 127, 137 (4th Cir. 2009).

In requesting that the Court "deny entry of default" against Mr. Howard, Mrs. Howard

attempted to advocate on behalf of her husband.  ECF No. 37.  In moving to strike Mrs.

Howard's request, Plaintiff argued that Mrs. Howard's representation of her husband was

impermissible.  ECF Nos. 42-43.  This Court agreed, citing *Myers v. Loudoun County Public*

*Schools*, 418 F.3d 395 (4th Cir. 2005), upholding the "[t]he right to litigate for *oneself*," but

declining to extend this right to a "right to litigate for *others*." *Id*. at 400;  ECF No. 45, at 1-2.

Despite the fact that this Court has already decided that Mrs. Howard cannot represent her

husband, Mrs. Howard's most recent grounds for demanding dismissal — improper service, lack

of jurisdiction, and failure to join — again all relate to Mr. Howard and appear to make the same

3

substantive arguments as those the Court has previously rejected.  Mrs. Howard does not dispute

that she was served.  The defenses she attempts to raise all relate to her husband.

As this Court has clearly decided, Mrs. Howard is not competent to advance arguments

on Mr. Howard's behalf.  ECF No. 45, at 1-2.  This Court's Entry of Default against Mr. Howard

stands, ECF No. 36, and Mrs. Howard may not, through the submission of multiple Motions to

Dismiss, attempt to relitigate this issue.

Similarly, Mrs. Howard moves for dismissal on the grounds that this Court lacks

jurisdiction over Mr. Howard.  In opposing Mrs. Howard's first Motion to Dismiss, Plaintiff

explained that this Court has jurisdiction over the subject matter of her Complaint pursuant to 28

U.S.C. §§ 1331 and 1367, and that such jurisdiction extended to acts committed abroad by State

Department employee, Mrs. Howard, and her dependent spouse, Mr. Howard, under 18 U.S.C.

§ 3271 and 18 U.S.C. § 1596.  ECF No. 49.  This Court agreed, denying Mrs. Howard's Motion

to Dismiss on March 27, 2012, and affirming its subject-matter jurisdiction over the claims

alleged.  ECF No. 54.  As explained in this well-pleaded Amended Complaint, Mr. Howard

sexually abused Plaintiff and, independently and in conspiracy with Mrs. Howard, created and

maintained Plaintiff's conditions of involuntary servitude and forced labor.  ECF. No. 18.

Because Mr. Howard was the dependent of a State Department employee, this Court's subject-

matter jurisdiction under 18 U.S.C. § 3271 and 18 U.S.C. § 1596, clearly reaches him.  Mrs.

Howard's Motions are repetitive and improper.[3]

---

[3] In addition, the Motions are improper under the Court's Scheduling Order, which required the parties to obtain leave of court before filing additional motions under Fed. R. Civ. P. 12.  ECF No. 53.  The Motions at issue, though styled as Motions arising under Rule 19, are plainly Rule 12(b)(7) motions for which Mrs. Howard did not seek leave to file.

**B.  IN ANY EVENT, PLAINTIFF HAS PLEADED SUFFICIENT FACTS TO SHOW THAT MR. HOWARD WAS PROPERLY SERVED AND THAT MR. HOWARD IS NEITHER A NECESSARY NOR AN INDISPENSIBLE PARTY.**

### 1.  Legal Standard

As with her first Motion to Dismiss, Mrs. Howard filed the Motions at issue after she answered Plaintiff's Complaint.  Accordingly, these improperly filed Motions should also be construed as motions for judgment on the pleadings pursuant to Rule 12(c).  *See Walker*, 589 F.3d at 139 (construing motion to dismiss filed simultaneously with answer as a motion for judgment on the pleadings under Rule 12(c)); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (explaining that Rule 12(h)(2) allows defense of failure to join to be raised in a motion for judgment on the pleadings, and noting that "as a matter of motions practice, [such motions] should be viewed as … Rule 12(c) motion[s] for judgment on the pleadings").  As this Court has noted, "[a] motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is decided under the same standard as a motion to dismiss under Rule 12(b)(6), with the only difference being that under Rule 12(c) the court can consider the answer as well as the complaint."  *Tyree v. United States*, No. 3: 09-cv-663, 2010 WL 1381424, at *2 (E.D. Va. Mar. 30, 2010) (citing *Walker*, 589 F.3d at 139).

Thus, in considering the Motions, this Court must accept "all well-pleaded allegations in the plaintiff's complaint as true and draw[] all reasonable factual inferences from those facts in the plaintiff's favor."  *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005).

Those facts need not be specific; rather, they must simply "give the defendant fair notice of what the … claim is and the grounds upon which it rests."  *Johnson v. Portfolio Recovery Assocs. LLC*, 682 F. Supp. 2d 560, 567 (E.D. Va. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis in original)); *see also Erickson v. Pardus*, 551 U.S. 89, 93

(2007) (noting that "[s]pecific facts are not necessary").  Indeed, a court considering a motion to dismiss "may grant the relief only if there is no issue of fact and the moving party is entitled to judgment as a matter of law." *Gainey v. Kingston Plantation*, Civ. A. No. 06-3373, 2008 WL 706916, at \*4 (D.S.C. Mar. 14, 2008); *see also Edwards*, 178 F.3d at 243; *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).  Moreover, the Fourth Circuit has cautioned that such motions should only be granted "in very limited circumstances." *De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991) (quotation marks omitted) (reversing lower court dismissal where plaintiff failed to identify the provision permitting recovery but pleaded adequate facts to support several theories).

Plaintiff has pled sufficient facts establishing that Mr. Howard was properly served and that his joinder is not necessary or indispensable.  Indeed, Mrs. Howard's argument is illogical. It is not necessary to "join" Mr. Howard at this juncture in the litigation as he is already a named defendant.  The only failure is Mr. Howard's, as he has refused to respond to Mrs. Doe's lawsuit. Mr. Howard is welcome to participate in this litigation at any time.  He need only hire counsel or appear *pro* se to challenge the default entered against him.  For Mrs. Howard to seek dismissal on these grounds is unreasonable.

Consequently, Mrs. Howard's motion is not one of the "limited circumstances" in which a motion for judgment on the pleadings might be granted.

## 2.  Mr. Howard Was Properly Served.

Defendant's Motions are meritless because Plaintiff has properly served Mr. Howard. Federal Rule of Civil Procedure 4(e)(2)(B) permits service by "leaving a copy of [the summons and of the complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there."  A process server served Mr. Howard by

delivering copies of both the Complaint and the First Amended Complaint (along with summonses) to Mrs. Howard at their apartment in Arlington, Virginia.  ECF No. 37.  Upon delivery, Mrs. Howard stated, through her signature, that she resided at that Arlington address "with the defendant [Mr. Howard]."  ECF No. 16.  Courts in this Circuit have applied a liberal construction Rule 4's requirement where a Defendant, like Mr. Howard, is married to the person who accepts service and has almost certainly received actual notice of the pendency of the action.  *See, e.g., Armeo, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984); *Karlsson v. Rabinowitz,* 318 F.2d 666, 668-69 (4th Cir. 1963) (noting that the primary inquiry is whether the one served is "advised of his duty to defend," distinguishing cases where service has been made on estranged spouses, and finding that service was proper on Defendant Karlsson's spouse at their joint residence).  Mr. Howard was properly served.

### 3. Mr. Howard Is Neither a Necessary Nor an Indispensible Party; He Is a Party in Default.

In any event, even if Mr. Howard were not already properly served, the Motions fail because Mr. Howard is neither sufficiently necessary nor indispensible to this matter to mandate dismissal.  Mrs. Howard bears the burden of showing that her husband must be joined for just adjudication.  *Amer. Gen. Life & Accident Ins. Co. v. Wood,* 429 F.3d 83, 92 (4th Cir. 2005).  She cannot carry this burden.

Parties not joined must be both necessary and indispensible to support a motion to dismiss under Fed. R. Civ. P. 12(b)(7); *Schlumberger Indus. v. Nat'l Sur. Corp.*, 36 F.3d 1274, 1285-86 (4th Cir. 1996).  Mr. Howard is a "necessary" party only if his absence bars complete relief to existing parties; if he has an interest relating to this action that will be impaired; or that will leave existing parties subject to a substantial risk of incurring double, multiple, or otherwise

inconsistent obligations by reason of that claimed interest.  Fed. R. Civ. P. 19(a)(1); *Owens-Ill., Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999).

Plaintiff has made the same allegations against both Mr. and Mrs. Howard on all claims save one.  ECF No. 18.[4]  Mr. and Mrs. Howard, acting at various times alone and in concert, conspired to maintain Plaintiff's conditions of involuntary servitude and forced labor.  Although Mr. Howard was the direct perpetrator of sexual violence against Plaintiff, Mrs. Howard knew of, and condoned, her husband's behavior.  As a result, she is responsible in her individual capacity and as a co-conspirator with her husband.  It is not necessary to join a co-conspirator to assert claims against him or her.  *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 329-30 (1955);  *Bridgetree, Inc., et al. v. Red F Mktg., LLC*, No. 3:10-cv-228-W, 2012 WL 896111, at *3 (W.D.N.C. Mar. 15, 2012) ("Merely because Plaintiffs may assert claims against the Chinese Defendants as co-conspirators does not render those parties mandatory under the Federal Rules of Civil Procedure.").  Mrs. Howard can and must be made to answer for her participation in Plaintiff's physical, psychological, and economic exploitation.  Additionally, Mrs. Howard is, by information and belief, also the primary wage-earner and could satisfy a judgment entered in Plaintiff's favor.

Mr. Howard, although he is arguably on notice of the allegations against him and is already a party to this suit, has refused to respond to Plaintiff's filings.  Given that Mr. Howard is in default, he has asserted no interests in need of protection by this Court.  His absence will not lead to duplicative or conflicting claims against his wife, Mrs. Howard.

Even if Mr. Howard were a necessary party, "not all necessary persons are indispensable." *Schlumberger Indus.*, 36 F.3d at 1285-86.  As a general matter, this Court must

---

[4] *See* ECF No. 18, ¶¶ 74-106 and 114-120 for claims pleaded against both Mrs. and Mr. Howard; *see id.* ¶¶ 106-113 for the sole individual claim against Mr. Howard.

"determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." *Ranger Fuel Corp. v. Youghiogheny & Ohio Coal Co.*, 677 F.2d 378, 380 (4th Cir. 1982).  To do so, this Court may consider a number of potentially relevant factors to determine whether Mr. Howard is sufficiently indispensible for his absence to result in dismissal for nonjoinder, a "drastic remedy" and one that the Fourth Circuit has cautioned "should be employed only sparingly." *Nat'l Union Fire Ins. Co. of Pittsburgh v. Rite Aid of S.C. Inc.*, 210 F.3d 246, 250 (4th Cir. 2000) (quotation marks omitted); *Owens-Ill. Inc.*, 186 F.3d at 441 ("Courts are loath[e] to dismiss cases based on nonjoinder of a party, so dismissal will be ordered only when the resulting defect cannot be remedied and prejudice or inefficiency will certainly result.").

These factors include, without limitation, whether Mr. Howard's absence would be prejudicial to him or the extant parties (if this prejudice cannot not be mitigated by protective measures); render any remedy to Plaintiff ineffective; and whether dismissal would adversely affect Plaintiff's rights.  This list is non-exhaustive, and courts have permitted actions to proceed in cases such this one, where, as noted above, the absent defendant has asserted no claim of prejudice, a (former) co-defendant can provide an adequate remedy, where one co-conspirator is absent,[5] and where a (potential) defendant is outside of the Court's jurisdiction.[6]

---

[5] *See generally Georgia v. Pa. RR. Co.*, 324 U.S. 439 (1945) (finding co-conspirator not an indispensible party).

[6] This Court has already determined that Mr. Howard is within the court's jurisdiction, so this factor does not weigh in defendant's favor.  But even if Mr. Howard were not amenable to suit in this court, his absence would not require dismissal. *United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366, 382 (1949) (upholding right of insurer and insured to bring separate suits, noting that they may be joined, but that "there will be cases in which all parties cannot be joined because one or more are outside the jurisdiction, and the court may nevertheless proceed in the action under Rule 19(b)); *Great Am. Assur. Co. v. Ferguson*, No. AW-10-CV-0915, 2010 WL 5173714, at *3 (D. Md. Dec. 14, 2010) (finding party not indispensible where joinder would destroy diversity).

Mrs. Howard argues that her husband's refusal to participate in this litigation requires dismissal of the entire case.  If this contention were true, it would lead to the absurd result that co-defendants could conspire to obtain dismissals through refusing to answer a complaint.  A default by one defendant, through no fault but his own, cannot permit a second defendant to escape liability.

## CONCLUSION

Mr. Howard's participation, while desired, is neither necessary nor indispensable, and Mrs. Howard's Motions to Dismiss must be denied.

Respectfully submitted,

Dated:  April 13, 2012                    By: /s/ Daniel E. Chudd_____
                                          Daniel E. Chudd (VA Bar No. 65335)
                                          Sarah A. Maguire (VA Bar No. 71232)
                                          Lorelie S. Masters (*Pro Hac Vice*)
                                          Leah J. Tulin (*Pro Hac Vice*)
                                          Maya D. Song (*Pro Hac Vice*)
                                          Chavi Keeney Nana (*Pro Hac Vice*)

                                          JENNER & BLOCK LLP
                                          1099 New York Ave., N.W., Suite 900
                                          Washington, DC  20001
                                          Phone:  202-639-6000
                                          Fax:  202-639-6066

                                          *Counsel for Plaintiff Jane Doe*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 13, 2012, a true and correct copy of the foregoing

Memorandum in Opposition to Defendant Linda Howard's Second and Third Motions to

Dismiss was electronically filed.  As such, this notice was served on all parties who are deemed

to have consented to electronic service.  On April 13, 2012, I also caused to be served by

electronic mail and by U.S. Mail, a copy of the Memorandum in Opposition upon the following:


LINDA HOWARD
1028 Walter Reed Dr. Apt. 634
Arlington, VA 22204
howardl@state.gov
russlindy@gmail.com


RUSSELL HOWARD
1028 Walter Reed Dr. Apt. 634
Arlington, VA 22204
jackforhawks@gmail.com
russlindy@gmail.com


                                    ___/s/ Daniel E. Chudd_____

                                    Daniel E. Chudd

                                    *Counsel for Plaintiff Jane Doe*