**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

JANE DOE

       Plaintiff,

v.

LINDA HOWARD
RUSSELL HOWARD

       Defendants.

Case No. 1:11 CV 1105

**MOTION TO COMPEL APPEARANCE AT**
**AN ORAL DEPOSITION PURSUANT TO RULE 37**

    Plaintiff Jane Doe hereby moves under Federal Rule of Civil Procedure 37 for an order compelling Defendant Linda Howard to appear at an oral deposition in this matter. Plaintiff Jane Doe also requests that the order clarify that Defendant Linda Howard cannot object to the attorney that the Plaintiff has selected to conduct the deposition and that she may refuse to answer only those questions that would require the disclosure of privileged information.

**RELEVANT BACKGROUND**

    On May 15, 2012, Plaintiff's counsel served Mrs. Howard with a Revised Notice of Intent to Take an Oral Deposition, pursuant to Rule 30 of the Federal Rules of Civil Procedure. The deposition was noticed for May 29, 2012, at 9:30 a.m., at the offices of Jenner & Block LLP

in Washington, D.C. *See* Email and Revised Notice of Intent to Take Oral Deposition, dated May 15, 2012, Exhibit 1.[1]

Following a status conference on May 22, 2012, which Mrs. Howard did not attend, the Court issued an Order stating in part: "Defendant Linda Howard is hereby notified that if she refuses to participate in discovery, including but not limited to failing to appear for her deposition, failing to respond to discovery requests, and refusing to correspond with plaintiff's counsel, she may be subject to sanctions, including entry of default judgment against her." Order dated May 23, 2012 (Docket No. 88).

Because Mrs. Howard had not appeared at the status conference and had not confirmed that she would appear for her deposition, Plaintiff's counsel sent Mrs. Howard an e-mail on May 24, 2012, requesting that she confirm by the following day whether she would appear for her deposition. *See* E-mail from Daniel Chudd to Linda Howard, dated May 24, 2012, Exhibit 2. In the same correspondence, Plaintiff's counsel gave Mrs. Howard the option of providing alternative dates to be deposed in the event she was unable to attend the scheduled deposition. Plaintiff's counsel also stated that he would be agreeable to conducting the deposition by videoconference, if such a deposition were possible and permitted in the country where Mrs. Howard was located.[2] *Id.* Counsel further explained in the email that if Mrs. Howard did not confirm her attendance or supply alternative dates for her deposition by the following day,

---

[1] Mrs. Howard's deposition was originally noticed for May 22, 2012, but was rescheduled after the Court set a hearing on Plaintiff's Motions for Default Judgment as to Defendant Russell Howard and for a status conference on that day. *See* Order dated May 15, 2012 (Docket No. 84).

[2] Until recently, Mrs. Howard refused to disclose in which country she was located. She recently informed the Court and the Plaintiff that she would be in Spain on May 30-31, 2012. Beyond that limited information, however, Plaintiff does not know in which country Mrs. Howard is or will be located for the duration of the discovery period.

2

counsel would be forced to seek a motion to compel pursuant to Federal Rule of Civil Procedure 37. *Id.*

Mrs. Howard neither confirmed she would appear at her deposition nor provided alternative dates by May 25, 2012. She did not appear for her deposition on May 29, 2012. Instead, in a letter dated May 29, 2012, addressed to Magistrate Judge Jones (and copied to the managing partner of Jenner & Block LLP, but not Plaintiff's counsel), Mrs. Howard indicated that she would not appear in person for a deposition because she is overseas. Mrs. Howard further stated that she "would agree to give a deposition over the telephone but it would be in a public place which I think would be unacceptable to the plaintiff's counsel and very uncomfortable for me." Letter from Linda Howard to Magistrate Judge Jones, dated May 29, 2012 (Docket No. 90). Mrs. Howard did not provide any possible dates for such a deposition, or state whether videoconference facilities would be available at her location. Moreover, Mrs. Howard sought to impose unreasonable conditions on her deposition: she demanded that Plaintiff's counsel refrain from asking questions about her husband, Defendant Russell Howard, and that Daniel Chudd, Plaintiff's attorney of record, be barred from participating in the deposition. *Id.*

## ARGUMENT

Mrs. Howard's refusal to participate in discovery by failing to appear for her deposition warrants the Court's intervention. An order from this Court is necessary to ensure that Mrs. Howard is deposed without delay or further avoidance. Without such an order, it is unlikely that discovery can be timely completed in this case. Although Mrs. Howard has received notice from both Plaintiff's counsel and this Court that she must participate in discovery by appearing at her deposition, she has failed to make an appearance or otherwise cooperate with Plaintiff's counsel

in making reasonable arrangements for her deposition. Despite Plaintiff's repeated good-faith attempts to arrange Mrs. Howard's deposition without judicial intervention, Mrs. Howard has refused to cooperate.

Nothing in Mrs. Howard's May 29, 2012, letter to the Court excuses her failure to appear at her deposition. Rule 37(d)(2) provides that failing to appear for a scheduled deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." At the time of the scheduled deposition, of course, Mrs. Howard did not have a pending motion for a protective order. Thus, her assertions that she would not participate in a deposition because she objects to Ms. Doe's counsel, the potential questions that would be asked, or any other aspect of discovery did not excuse her failure to appear. Moreover, Mrs. Howard's assertions that she will not respond to any questions regarding her husband, Defendant Russell Howard, also contravenes the scope of discovery authorized by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides : "[u]nless otherwise limited by court order, … Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."

Instead, Mrs. Howard's May 29, 2012 letter only confirms her unwillingness to cooperate with legitimate discovery requests. Rather than participate in discovery, Mrs. Howard has voluntarily left the United States to "backpack through Europe, Asia, and Africa." May 29, 2012 Letter (Docket No. 90). In the absence of court action, her efforts to frustrate discovery will likely continue. Accordingly, Plaintiff Jane Doe respectfully requests this Court to order Mrs. Howard to appear for an oral deposition in this matter and instruct Mrs. Howard that she may only refuse to answer questions seeking privileged communications and she must answer questions posed by any attorney who has properly appeared in this case.

4

**CONCLUSION**

For the reasons stated above, Plaintiff Jane Doe requests that the Court enter an order compelling Defendant Linda Howard to appear and to provide testimony at an oral deposition, and to respond to all pertinent questions, including those involving her husband, posed from any attorney that appears in this matter on behalf of Jane Doe.

Respectfully submitted,

Dated: June 1, 2012     By:  /s/ Daniel E. Chudd
       Daniel E. Chudd (VA Bar No. 65335)
       Sarah A. Maguire (VA Bar No. 71232)
       Lorelie S. Masters (*Pro Hac Vice*)
       Leah J. Tulin (*Pro Hac Vice*)
       Maya D. Song (*Pro Hac Vice*)
       Chavi Keeney Nana (*Pro Hac Vice*)

       JENNER & BLOCK LLP
       1099 New York Ave., N.W., Suite 900
       Washington, DC 20001
       Phone: 202-639-6000
       Fax: 202-639-6066

       *Counsel for Plaintiff Jane Doe*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2012, a true and correct copy of the foregoing Motion To Compel Appearance at an Oral Deposition was electronically filed.  As such, this notice was served on all parties who are deemed to have consented to electronic service.  On June 1, 2012, I also caused to be served by electronic mail and by U.S. Mail, a copy of the Motion upon the following:

>LINDA HOWARD
>1028 Walter Reed Dr. Apt. 634
>Arlington, VA 22204
>lhowardhawk@gmail.com
>howardl@state.gov
>russlindy@gmail.com


>RUSSELL HOWARD
>1028 Walter Reed Dr. Apt. 634
>Arlington, VA 22204
>jackforhawks@gmail.com
>russlindy@gmail.com

>/s/ Daniel E. Chudd
>DANIEL E. CHUDD (VA Bar No. 65335)
>
>Attorney for Plaintiff Jane Doe