IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

JANE DOE,

    Plaintiff,

v.

LINDA HOWARD, and
RUSSELL HOWARD,

    Defendants.

Case No. 1:11 CV 1105

**PLAINTIFF'S MOTION TO COMPEL THE
PRODUCTION OF DOCUMENTS PURSUANT TO RULE 37**

Plaintiff Jane Doe hereby moves under Federal Rule of Civil Procedure 37 for an order compelling Defendant Linda Howard to comply with Plaintiff's Second Request for the Production of Documents, dated May 15, 2012.

**RELEVANT BACKGROUND**

On May 15, 2012, Plaintiff's counsel served Mrs. Howard with a Second Request for the Production of Documents ("Second Request"), pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure. Defendant Linda Howard was required to produce responsive documents for inspection and copying at the offices of Jenner & Block LLP in Washington, D.C., within twenty (20) days of service of the Requests, on June 4, 2012.[1]

---

[1] This twenty (20) day conforms to the rules governing discovery agreed upon at the parties' Rule 26(f) conference.

1

In an email accompanying the Second Request, Plaintiff's counsel made clear to Defendant Linda Howard that she was required to comply with the Request by June 4, 2012. Because Defendant Linda Howard is proceeding pro se, Plaintiff's counsel provided the following information in the cover email:

> The Requests for Production of Documents and the Interrogatories each contain new requests for documents and information separate from those previously requested. Pursuant to the requests and Federal Rules you have 20 days within which to respond to and produce the requested documents (to and until June 4, 2012) and thirty days within which to respond to the second set interrogatories (to and until June 14, 2012).

*See* Plaintiff's Second Request for Documents and Accompanying Email from Daniel Chudd to Linda Howard, Exh. 1.

Following a status conference on May 22, 2012, which Mrs. Howard did not attend, the Court issued an Order that stated, in part: "Defendant Linda Howard is hereby notified that if she refuses to participate in discovery, including but not limited to failing to appear for her deposition, failing to respond to discovery requests, and refusing to correspond with plaintiff's counsel, she may be subject to sanctions, including entry of default judgment against her." Order dated May 23, 2012 (Docket No. 88).

Despite this warning, Mrs. Howard has failed to produce a single document in response to Mrs. Doe's Second Request. Instead, in a letter dated May 29, 2012, addressed to Magistrate Judge Jones (and copied to the managing partner of Jenner & Block LLP, but not to Plaintiff's counsel), Mrs. Howard indicated that she "cannot . . . proceed further in the Discovery process before taking legal advice." Letter from Linda Howard to Magistrate Judge Jones, dated May 29, 2012 (Docket No. 90). Mrs. Howard could have, at any time in the course of this litigation, engaged counsel to advise her in responding to Mrs. Doe's document requests and

interrogatories. Indeed, Plaintiff's counsel has inquired on multiple occasions whether Defendant Linda Howard has engaged counsel to advocate on her behalf.

Yet Linda Howard waited to do so until she was "overseas" at an undisclosed location.[2] Rather than providing the Court or Plaintiff's counsel with concrete information about when she could or would comply with Plaintiff's Second Request, Mrs. Howard simply informed the Court that she would "advise [the Court] after [she had] engage[d] counsel in Australia . . . ." *Id.*

## ARGUMENT

Mrs. Howard's refusal to participate in discovery by failing to respond to Jane Doe's Second Request warrants the Court's intervention. An order from this Court is necessary to ensure that Mrs. Howard produces responsive documents for inspection and copying without delay or further avoidance. Without such an order, discovery cannot be timely completed in this case. Mrs. Howard has indicated that she intends to engage counsel three months from now. Although Mrs. Howard has declared that engaging counsel is a prerequisite to her compliance with Jane Doe's Second Request, she has admitted that she intends to retain counsel only after her arrival in Australia in August 2012.

Mrs. Howard received notice from both Plaintiff's counsel and this Court that she must participate in discovery by producing responsive documents in a timely and complete fashion. She has refused to do so, choosing instead to remain on her "backpacking trip" vacation in Europe. Mrs. Howard's voluntary decision to leave the United States should not provide an excuse to shirk her discovery obligations and the Court's scheduling order. Despite Plaintiff's

---

[2] Until recently, Mrs. Howard refused to disclose in which country she was located. She recently informed the Court and the Plaintiff that she was in Spain May 30 and 31. Beyond that limited information, however, Plaintiff does not know in which country Mrs. Howard is or will be located for the duration of the discovery period.

repeated good-faith attempts to explain the Rule-based deadlines for compliance with discovery requests, Mrs. Howard has failed to cooperate.

Nothing in Mrs. Howard's May 29, 2012, letter to the Court excuses her failure to produce documents responsive to Plaintiff's Second Request. Rule 37(d)(2) provides that failing to produce documents for inspection "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." At the time that Mrs. Doe's Second Request was served, Mrs. Howard did not have a pending motion for a protective order, and does not now. Thus, her assertion that she cannot participate without counsel − although she has previously participated in discovery, including responding to Mrs. Doe's First Request for the Production of Documents and to Mrs. Doe's First Set of Interrogatories − provides no excuse for her failure to comply with the June 4, 2012 deadline for the production of responsive documents.

Instead, Mrs. Howard's May 29, 2012, letter only confirms her unwillingness to cooperate with legitimate discovery requests in the discovery period ordered by the Court. Rather than participate in discovery, Mrs. Howard has voluntarily left the United States to "backpack through Europe, Asia, and Africa," without first engaging counsel or arranging for access to documents relevant to this case. May 29, 2012 Letter (Docket No. 90). In the absence of court action, her efforts to frustrate discovery will likely continue. Accordingly, Plaintiff Jane Doe respectfully requests this Court to order Mrs. Howard to produce documents responsive to Jane Doe's May 15, 2012 Second Request for the Production of Documents.

4

**CONCLUSION**

For the reasons stated above, Plaintiff Jane Doe requests that the Court enter an order compelling Defendant Linda Howard to produce for inspection and copying all documents responsive to Jane Doe's Second Request for Documents.

Respectfully submitted,

Dated: June 5, 2012          By:  /s/ Daniel E. Chudd
                                  Daniel E. Chudd (VA Bar No. 65335)
                                  Sarah A. Maguire (VA Bar No. 71232)
                                  Lorelie S. Masters (*Pro Hac Vice*)
                                  Leah J. Tulin (*Pro Hac Vice*)
                                  Maya D. Song (*Pro Hac Vice*)
                                  Chavi Keeney Nana (*Pro Hac Vice*)

                                  JENNER & BLOCK LLP
                                  1099 New York Ave., N.W., Suite 900
                                  Washington, DC  20001
                                  Phone:  202-639-6000
                                  Fax:  202-639-6066

                                  *Counsel for Plaintiff Jane Doe*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on June 5, 2012, a true and correct copy of the foregoing Plaintiff's Motion To Compel the Production of Documents Pursuant to Rule 37 was electronically filed. As such, this notice was served on all parties who are deemed to have consented to electronic service. On June 5, 2012, I also caused to be served by electronic mail and by U.S. Mail, a copy of the Motion upon the following:

    LINDA HOWARD
    1028 Walter Reed Dr. Apt. 634
    Arlington, VA 22204
    lhowardhawk@gmail.com
    howardl@state.gov
    russlindy@gmail.com

    RUSSELL HOWARD
    1028 Walter Reed Dr. Apt. 634
    Arlington, VA 22204
    jackforhawks@gmail.com
    russlindy@gmail.com

    /s/ Daniel E. Chudd
    DANIEL E. CHUDD (VA Bar No. 65335)

    Counsel for Plaintiff Jane Doe