**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

JANE DOE,

    Plaintiff,

v.

                                          Case No. 1:11 CV 1105

LINDA HOWARD, and
RUSSELL HOWARD,

    Defendants.

**PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES**

Plaintiff Jane Doe hereby moves under Federal Rules of Civil Procedure 26, 33, and 37 for an order compelling Defendant Linda Howard to respond fully and promptly to Plaintiff's second set of interrogatories, to which Mrs. Howard has wholly failed to respond.

**RELEVANT BACKGROUND**

On May 15, 2012, Plaintiff served Mrs. Howard with a second set of interrogatories in connection with Plaintiff's suit against defendants for human trafficking offenses.[1]  A true and complete copy of Plaintiff's second set of interrogatories is attached hereto as Exhibit A. Plaintiff's cover letter, as well as the interrogatory instructions themselves, stated that Mrs. Howard's responses were due within thirty days of service.  This 30-day time limit was agreed

---

[1] Plaintiff served Mrs. Howard with a first set of interrogatories on March 21, 2012.

upon in the parties' Rule 26(f) Report, and is set forth in Federal Rule of Civil Procedure 33(b).[2] Mrs. Howard therefore had until June 14, 2012, to respond to Plaintiff's second set of interrogatories.[3] That deadline has now passed without any response from Mrs. Howard.

Recently, Plaintiff's counsel learned that Mrs. Howard has disabled the email account at which she agreed to receive service and communications from Plaintiff's counsel and this Court. On May 9, 2012, Mrs. Howard informed Plaintiff's counsel and this Court that she would receive service and communications about this case at a "new e-mail address," lhowardhawk@gmail.com, and would no longer use her previous email address, russlindy@gmail.com. A true and correct copy of Mrs. Howard's May 9, 2012 email is attached hereto as Exhibit B. In the same correspondence, Mrs. Howard stated that she would be traveling abroad for the "next three or four months," but she provided neither a telephone number nor a mailing or forwarding address at which she could be reached.[4] Accordingly, Mrs. Howard represented that the only way Plaintiff could contact her after May 9, 2012, was through the email address lhowardhawk@gmail.com.

On June 5, 2012, however, when Plaintiff's counsel emailed Mrs. Howard at lhowardhawk@gmail.com to serve her with a copy of a discovery motion, Plaintiff's counsel received an automated message from his server that delivery of the email had failed because "[t]he email account that you tried to reach does not exist." A true and correct copy of the June

---

[2] In their Rule 26(f) Report, the parties agreed to the time limits for responding to interrogatories set forth in the Federal Rules of Civil Procedure. *See* Plaintiff's Rule 26(f) Report ¶ 5 (Docket No. 34); March 21, 2012 Order adopting Plaintiff's Rule 26(f) Report (Docket No. 53).

[3] Plaintiff's cover letter to the second set of interrogatories expressly stated that Mrs. Howard's responses were due by June 14, 2012. *See* Exhibit A, at 1.

[4] On May 29, 2012, Mrs. Howard informed the Court and Plaintiff's counsel that she would be in Spain on May 30 and 31, 2012. Beyond that limited information, however, Mrs. Howard has not disclosed in which country she is or will be located for the duration of the discovery period.

5, 2012 email that Plaintiff's counsel received is attached hereto as Exhibit C. A second attempt to reach Mrs. Howard at this email address—this time by a paralegal at Jenner & Block LLP and not counsel himself—generated the same automated response. Accordingly, Plaintiff's counsel has been unable to contact Mrs. Howard via email, and, without a telephone number or address for her current location, has been unable to communicate with Mrs. Howard about this motion or any other aspect of this case.[5]

## ARGUMENT

Through her actions and words, Mrs. Howard has made plain that she will not participate in discovery in this case—in defiance of the Court's order that she do so. Three weeks ago, following a status conference that Mrs. Howard did not attend, the Court ordered that "Linda Howard is hereby notified that if she refuses to participate in discovery, including but not limited to failing to appear for her deposition, failing to respond to discovery requests, and refusing to correspond with plaintiff's counsel, she may be subject to sanctions, including entry of default judgment against her." May 22, 2012 Order (Docket No. 88). Since that time, Mrs. Howard has failed to appear at her deposition; failed to produce documents or respond to Plaintiff's request for documents in connection with this case; and failed to correspond with Plaintiff's counsel.[6] Mrs. Howard has gone so far as to deactivate the one email account where she represented Plaintiff's counsel could reach her while she travels abroad to undisclosed locations.

---

[5] Plaintiff has subpoenaed Google, Inc., which hosts the account lhowardhawk@gmail.com, for information about when Mrs. Howard's email account was opened and closed. Google has not yet provided Plaintiff with this information, although it has represented that it will do so.

[6] Plaintiff's motions to compel for these aspects of discovery are currently pending before the Court. See Plaintiff's Motion to Compel Appearance At An Oral Deposition (Docket No. 92); Plaintiff's Motion to Compel Production Of Documents (Docket No. 94).

Mrs. Howard's refusal to participate in discovery is precisely the sort of circumstance that Rule 37(a) is designed to address. An order compelling Mrs. Howard's participation in discovery is necessary to ensure that Mrs. Howard either promptly and fully participates in discovery, including responding to Plaintiff's interrogatories, or face the consequence of violating the Federal Rules and the Court's orders in refusing to do so. Mrs. Howard's attempts to frustrate Plaintiff's pursuit of justice cannot be countenanced, and warrants the Court's intervention in the discovery process.

It is of no moment that Mrs. Howard has suggested at the eleventh hour that she may engage counsel two months after the final pre-trial conference in this case, which is scheduled for June 21, 2012.[7] *See* May 29, 2012 Letter from Linda Howard (Docket No. 90). According to Mrs. Howard, the earliest she may seek legal advice about this matter (from Australia) is "mid or late August" 2012. *Id.* On that basis, Mrs. Howard insists that she will unilaterally "work[] out a timeframe" to "re-commence this process" of litigation at some unspecified time. *Id.* But Mrs. Howard has not filed a motion to extend the timing of this case, nor has she presented any good-faith reason for the Court to reschedule the final pre-trial conference. Mrs. Howard's only excuse for her delay is that she is "backpacking through Europe, Africa, and Asia"—a trip whose purpose she has not explained. *Id.* Moreover, Mrs. Howard embarked on her overseas trip without forewarning to this Court or Plaintiff's counsel, and it appears that she does not intend to return to the United States.

Indeed, nothing in Mrs. Howard's May 29, 2012 letter to the Court excuses her failure to respond to Plaintiff's interrogatories. Rule 37(d)(2) provides that failing to serve responses to interrogatories "is not excused on the ground that the discovery sought was objectionable, unless

---

[7] *See* Scheduling Order (Docket No. 41).

4

the party failing to act has a pending motion for a protective order under Rule 26(c)." At no time in this litigation has Mrs. Howard moved for such a protective order. Thus, her assertion that she cannot participate without counsel—although she has previously participated in discovery, including responding to Plaintiff's first request for the production of documents and first set of interrogatories—provides no excuse for her failure to comply with the June 14, 2012 deadline for interrogatory responses.

## CONCLUSION

For the reasons stated above, Plaintiff Jane Doe requests that the Court enter an order compelling Defendant Linda Howard to respond fully and promptly to Plaintiff's second set of interrogatories, and to otherwise participate in discovery.

Respectfully submitted,

Dated: June 15, 2012      By:  /s/ Daniel E. Chudd
                                Daniel E. Chudd (VA Bar No. 65335)
                                Sarah A. Maguire (VA Bar No. 71232)
                                Lorelie S. Masters (*Pro Hac Vice*)
                                Leah J. Tulin (*Pro Hac Vice*)
                                Maya D. Song (*Pro Hac Vice*)
                                Chavi Keeney Nana (*Pro Hac Vice*)

                                JENNER & BLOCK LLP
                                1099 New York Ave., N.W., Suite 900
                                Washington, DC 20001
                                Phone: 202-639-6000
                                Fax: 202-639-6066

                                *Counsel for Plaintiff Jane Doe*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2012, a true and correct copy of the foregoing Plaintiff's Motion To Compel Responses To Interrogatories was electronically filed.  As such, this notice was served on all parties who are deemed to have consented to electronic service.  On June 15, 2012, I also caused to be served by electronic mail and by U.S. Mail, a copy of the Motion upon the following:

LINDA HOWARD
1028 Walter Reed Dr. Apt. 634
Arlington, VA 22204
lhowardhawk@gmail.com
howardl@state.gov
russlindy@gmail.com

RUSSELL HOWARD
1028 Walter Reed Dr. Apt. 634
Arlington, VA 22204
jackforhawks@gmail.com
russlindy@gmail.com

/s/ Daniel E. Chudd
DANIEL E. CHUDD (VA Bar No. 65335)

Counsel for Plaintiff Jane Doe