IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

JANE DOE

    Plaintiff,

v.

LINDA HOWARD

    Defendant.

Case No. 1:11 CV 1105

FILED JUL - 2 2012

## LETTER TO MAGISTRATE JUDGE JONES (1 JULY 2012)

I refer to my letter to Judge Jones of 29 May 2012.

This letter has been sent from my new e-mail address of lhowardhawk@yahoo.com. I will check this account on or about July 8 when I expect to receive responses from the Court to my letter of 29 May and the Motions that accompanied it.

In the meantime I have contacted an Australian lawyer, a retired barrister and solicitor in the state of Victoria. He has not yet read any papers regarding this matter (see below) but I have asked him for interim and specific advice on the points that are most concerning me at this time. An extract of his response is as follows:

> *Linda,*
>
> *Conduct of the Plaintiff's lawyer Mr. Chudd: From what you told me it is my advice that you should have no further contact with this person and that you are justified to take that position. Viz, Mr. Chudd deliberately misled you as to the particular discipline of his expert witness; he displayed intemperate behaviour within the precincts of the court and snatched documents*

1

*from you; he bullied you on a number of occasions on the telephone and in emails; he referred to criminal activity when no such criminality was ever been alleged by a judicial authority; on hearing that a court hearing had been postponed you departed but Mr. Chudd went to the judge's chambers regarding the matter; he told you on two occasions that he wanted to take a deposition from you and then cancelled without explanation but later insisted you come to his office for a deposition when he knew you were overseas; he refused to justify any comments made to you in emails which were outside the "discovery process"; and, he continued to send you emails after you had informed his practice and the court this was causing you severe distress. I believe all these incidents add up to grounds to decline any further contact and there are more serious examples. The matter of Mr. Chudd advising the court that your charge of theft against the plaintiff regarding a large number of unauthorised telephone calls was "bogus" despite what you say is unequivocal evidence is insulting and an unacceptable standard of professional conduct. Similarly, attempting to obtain private communications between Russell and yourself after being informed by the court they were privileged is unacceptable professional conduct and could possibly be contempt of court – it would be in Australia. However, it is the matter of the private and exclusive communications with a court official which concerns me most. This is extremely serious and in my opinion should immediately disqualify Mr. Chudd from any further involvement in your case. In fact in any judicial system I have had experience with such contact could result in disciplinary action and even possible disbarment.*

*As I said at the beginning, you should have nothing more to do with Mr. Chudd and if his harassment persists then my advice is for you to cease contact with the plaintiff's legal practice altogether and inform the court accordingly. Given the circumstances you have described to me a court should not insist on further contact until the practice nominates another lawyer for you to deal with. In the interim it would be entirely proper for you to send all correspondence to another member of Mr. Chudd's practice. In that case he cannot legally claim not to have received it.*

*Once you have obtained copies of all the correspondence between Mr. Chudd and the court official (and on this you must insist) you should request the court to oblige Mr. Chudd's interlocutor to provide details of what use he or she made of the correspondence.*

*In the matter of the serving of documents on your husband Russell Howard, at your request I have obtained confirmation of your evidence of Russell's continuous residency in Australia from the 4th of July 2011 until the 8th of January 2012. He therefore could not under any circumstances have been legally served documents by the plaintiff's legal practice in October 2011 in the United States of America. Unless and until such documents are legally served under Australian law Russell is not a Joined Party or a Defendant in this case.*

*You also told me about what you see as the plaintiff's lawyers illegally obtaining your personal information. Privacy legislation differs widely from country to country and I cannot comment on what applies in the United States of America. I suggest that at an appropriate time you ask the court to oblige the plaintiff's lawyers to provide details of where and how they obtained each document or piece of personal information about you and we will proceed from there.*

*I await all documents relating to the matter of Jane Doe V Linda Howard to see if I can be of further assistance but as you know I cannot represent you in a court in the United States of America.*

Details of this lawyer will be provided in due course if necessary. He is an elderly gentleman and until he accepts the case I would not want him inundated with material as is Chudd's modus operandi.

Regarding documents in this case, I have to report that I no longer have any documents, electronically or otherwise, from the time this case commenced in October 2011 until May 14 2012. When I established my e-mail account of lhowardhawk@gmail.com on or about 4 May 2012 my husband resumed control of his original e-mail account russlindy@gmail.com and I no longer have access. All correspondence regarding the case was held on that account including documents transferred from my State Department account of howardl@state.gov when I retired on April 30 2012. For me to adequately continue in this matter I will need copies of the entire correspondence that was sent electronically or by CD. As I will not have a computer or access to

3

the internet in Australia copies will need to be sent in hard-copy form. I plan to arrive in Australia on August 8 but I should be able to give you an Australian address before then.

Accompanying this letter are three Motions submitted to the United States District Court for the Eastern District of Virginia.

A copy of this letter has been sent to Jenner and Block's Susan Levy (Firm Managing Partner) and Meredith Mendes (Chief Operating Officer). Let me unequivocally restate this to the two of you: I will never exchange any correspondence with Chudd again. If Chudd sends anything to this email account it will be deleted automatically. I would also regard that as deliberate provocation and harassment that has your personal endorsement and in that case all communication with Jenner and Block will cease. My criminal charges against the plaintiff will however be pursued through the court as will breaches of the Privacy Act by your firm.

Respectfully submitted,

Dated: July 1, 2012                By:_____
                                   Linda Howard

                                   lhowardhawk@yahoo.com