**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

JANE DOE

            Plaintiff,

v.

                                  Case No. 1:11 CV 1105

LINDA HOWARD
RUSSELL HOWARD

            Defendants.

**PLAINTIFF'S MOTION FOR CLARIFICATION AND AMENDMENT TO
ORDER TO PROCEED UNDER PSEUDONYM**

Plaintiff Jane Doe hereby respectfully moves the Court to clarify that its Order of

November 9, 2011 ("Order") (Docket No. 15), will require all parties, counsel, witnesses, and

court personnel present trial in the above-captioned matter, which is currently scheduled for

August 8, 2012, to refer to Plaintiff by her pseudonym "Jane Doe."  Plaintiff further moves the

Court to amend its Order to permit her husband, who has been identified in all filings as "John

Doe," to testify at trial under the pseudonym "John Doe" so as to maintain the confidentiality of

Plaintiff's identity.  In support of this Motion, Plaintiff states as follows.

        1.        Under the Court's standing Order, all "parties, their counsel, and any expert

witnesses who may be consulted or designated by the parties are to maintain the confidentiality

of the Plaintiff Jane Doe's identity."  Order at 1.  Plaintiff's identity may not be disclosed to non-

parties or to the public at large.  *Id.*  In addition, all court papers in this case are to be redacted to conceal Plaintiff's true name "and any other identifying information."  *Id.*

As Plaintiff explained in her earlier Motion To Commence And Proceed Using A Pseudonym and the accompanying Memorandum (Docket Nos. 5-6), such court-ordered protection is necessary to protect Plaintiff, her husband, and her two young children from Defendant Russell Howard's threat of retaliatory harm, and to protect their privacy in a matter that is highly sensitive and personal in nature.  Plaintiff also noted that Defendants will suffer no prejudice if she proceeds as Jane Doe, as Plaintiff's identity is well-known to Defendants. Plaintiff's pseudonym has not hindered (and will not hinder) Defendants' ability to present a defense in this matter.

In accordance with the Order, all public filings in this case have scrupulously referred to Plaintiff as "Jane Doe."  Those filings that have contained Plaintiff's true name or any other identifying information, including the true name of Plaintiff's husband, have been redacted or filed under seal.  In an effort to maintain the confidentiality of Plaintiff's identity, the parties' public filings have referred to Plaintiff's husband as "John Doe."  In addition, neither Plaintiff, her counsel, nor her expert witness have disclosed Plaintiff's identity to non-parties.  They have not spoken about this case to the media, press, or any public audience.

2.      The Court's Order, however, does not specify whether Plaintiff may testify at trial as Jane Doe, and whether all parties, their counsel, witnesses, and any court personnel present at trial must refer to Plaintiff by her pseudonym.  A bench trial will commence in this case on August 8, 2012.  *See* Minute Entry of June 21, 2012 (Docket No. 102).  Out of an abundance of caution, Plaintiff moves for clarification that the Court's Order extends to all trial matters, such

that she is permitted to testify as Jane Doe, and all parties, their counsel, witnesses, and any court personnel present at trial must refer to her by her pseudonym.

3.  Moreover, the Court's Order, while requiring the parties to maintain the confidentiality of Plaintiff's identity, does not address the identity of Plaintiff's husband. At the time Plaintiff filed her Motion To Proceed Under Pseudonym, Plaintiff's husband lived in Ethiopia, and it was unknown whether he could obtain the immigration clearance to join his wife in the United States. Plaintiff's husband is now in the United States and intends to testify at his wife's trial. In order for Plaintiff's identity to remain confidential, Plaintiff moves for an amendment to the Court's Order to permit Plaintiff's husband to testify as John Doe, as he has been referred to in all public filings in this case.

4.  Plaintiff notes that the same concerns that warranted the Court's Order counsel in favor of granting this Motion. Indeed, no novel assessment of Plaintiff's interests is required to extend the Order's protection to the identity of Plaintiff's husband and to trial, as Plaintiff requests.

5.  As explained in Plaintiff's Memorandum in Support of her Motion To Proceed Under Pseudonym, all of the relevant factors for determining whether a plaintiff may proceed pseudonymously weigh in favor of maintaining Plaintiff's privacy. *See* Mem. at 5 (Docket No. 6) (citing *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). In particular, shielding Plaintiff's identity, and that of her husband, at trial will ensure greater protection of her own and her children's privacy interests. Plaintiff intends to testify about Defendants' repeated sexual assault of her, a matter that is indisputably "sensitive and of a highly personal nature." *James*, 6 F.3d at 238. Plaintiff has endured severe psychological, emotional, and physical distress as a result of Defendants' abhorrent acts, and she urgently seeks to maintain her privacy as she attempts to

rebuild her life.  In addition, Plaintiff's two young children remain unaware of Defendants' brutal treatment of their mother.  *See* Motion and Memorandum (Docket Nos. 5 and 6).  In such instances, courts have permitted parties to proceed under pseudonym.  *See, e.g., James*, 6 F.3d at 238 (weighing "[t]he ages of the persons whose privacy interests are sought to be protected"); *United States v. Jacobson*, 785 F. Supp. 563, 568-69 (E.D. Va. 1992) ("Courts have permitted parties to proceed anonymously by use of pseudonyms where, in balancing the constitutional right of openness against a party's privacy interests, it is determined that pseudonyms are necessary to protect a person from injury or personal embarrassment."); *Doe v. Blue Cross & Blue Shield United of Wisc.*, 112 F.3d 869, 872 (7th Cir.1997) ("[F]ictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses.").

Plaintiff also wishes to maintain her anonymity to minimize any possibility that Defendants will, unwittingly or intentionally, receive assistance in locating Plaintiff's family in Ethiopia.  As Plaintiff explained in her Motion To Proceed Under Pseudonym, Defendant Russell Howard traveled to Addis Ababa, Ethiopia last June in an unsuccessful attempt to locate Plaintiff and her family.  *See* Motion and Memorandum.  The purpose of his trip was almost certainly to threaten Plaintiff.  *Id.*  More recently, Defendant Linda Howard has stated that she will be or is currently traveling, among other places, through Africa.  *See* May 29, 2012 Letter from Linda Howard (Docket No. 90).  Mrs. Howard has refused to identify her location or explain the purpose of this international trip, on which she embarked without notice to Plaintiff or the Court.

It is Plaintiff's belief that Defendants have not located her children or family, but that if her true name is revealed and this case attracts the attention of the press, Defendants may have an

easier time locating her family, thereby heightening the risk of retaliatory harm by Defendants. This factor also weighs in favor of maintaining Plaintiff's anonymity. *See James*, 6 F.3d at 238 (considering "[w]hether identification poses a risk of retaliatory physical or mental harm to the requesting party or to innocent non-parties").

6.      Finally, permitting Plaintiff to maintain her anonymity at trial and Plaintiff's husband to testify under a pseudonym will pose no unfairness to Defendants.  Defendants already know the true identities of Plaintiff and her husband.  Use of pseudonyms will not interfere with Defendants' ability to prepare for trial or cross-examine witnesses, to the extent that Defendants intend to participate at trial.  Indeed, Defendants' failure to defend this case has nothing to do with Plaintiff's use of a pseudonym.  As explained in Plaintiff's previous filings, Russell Howard has failed to answer Plaintiff's properly served complaint or to otherwise defend himself in this action, thereby warranting default judgment.  *See* Plaintiff's Motion For Default Judgment As To Russell Howard (Docket No. 80).  Linda Howard's previously filed Answer has also recently been struck by the Court because of her failures to appear for her deposition, produce requested documents, answer Plaintiff's interrogatories, and otherwise cooperate in discovery.  *See* Order dated July 18, 2012 (Docket No. 106).  Plaintiff intends to seek default judgment against Linda Howard as well.  Neither failure of Defendants, however, is attributable to Plaintiff's proceeding under pseudonym.

For the above reasons, Plaintiff seeks clarification that the Court's standing Order will require all parties, counsel, witnesses, and court personnel present at the upcoming trial to refer to Plaintiff as "Jane Doe"; and an amendment to the Order that will permit her husband to testify under the pseudonym "John Doe."

Respectfully submitted,

Dated:  July 20, 2012           By:  /s/ Daniel E. Chudd
                                     Daniel E. Chudd (VA Bar No. 65335)
                                     Sarah A. Maguire (VA Bar No. 71232)
                                     Lorelie S. Masters (*Pro Hac Vice*)
                                     Leah J. Tulin (*Pro Hac Vice*)
                                     Maya D. Song (*Pro Hac Vice*)
                                     Chavi Keeney Nana (*Pro Hac Vice*)

                                     JENNER & BLOCK LLP
                                     1099 New York Ave., N.W., Suite 900
                                     Washington, DC  20001
                                     Phone:  202-639-6000
                                     Fax:  202-639-6066

                                     *Counsel for Plaintiff Jane Doe*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2012, a true and correct copy of the foregoing Plaintiff's Motion For Clarification And Amendment To Order To Proceed Under Pseudonym was electronically filed.  As such, this notice was served on all parties who are deemed to have consented to electronic service.  On July 20, 2012, I also caused to be served by electronic mail and by U.S. Mail, a copy of Plaintiff's Motion For Clarification And Amendment To Order To Proceed Under Pseudonym upon the following:

LINDA HOWARD
1028 Walter Reed Dr. Apt. 634
Arlington, VA 22204
lhowardhawk@yahoo.com

RUSSELL HOWARD
1028 Walter Reed Dr. Apt. 634
Arlington, VA 22204
russlindy@gmail.com

/s/ Daniel E. Chudd
DANIEL E. CHUDD (VA Bar No. 65335)

Attorney for Plaintiff Jane Doe