OFFICE OF
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
401 COURTHOUSE SQUARE
ALEXANDRIA, VIRGINIA 22314-5798

OFFICIAL BUSINESS

016H16503500
$00.650
08/07/2012
Mailed From 22314
US POSTAGE
Hasler

NIXIE 220 DE 1 00 08/10/12
RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD
BC: 22314579899 *1892-02131-07-41

22314@5798

RECEIVED
MAILROOM
AUG 13 2012
CLERK U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

5

Russell Howard
1028 S. Walter Reed Dr. #634
Arlington, VA 22204

---

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Jane Doe, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Linda Howard )<br>*et al.*, )<br>)<br>Defendants. )<br>_____) | Civil Action No. 1:11cv1105 (LO/TRJ) |

## REPORT AND RECOMMENDATION

The court has under advisement plaintiff's motion (no. 80) for default judgment against defendant Russell Howard ("Mr. Howard"), which the court continued (no. 88) on May 22, 2012 for consideration in conjunction with future proceedings. Mr. Howard was served with the original complaint on October 25, 2011 (no. 16), and with the first amended complaint on November 17, 2011 (no. 26). Mr. Howard has not answered or otherwise responded to the complaint, and the Clerk entered default (no. 36) against him on February 10, 2012.

Defendant Linda Howard ("Mrs. Howard") also was served with the original complaint on October 25, 2011 (no. 17), and with the first amended complaint on November 17, 2011 (no. 25). Mrs. Howard filed an answer (no. 27) on December 2, 2011, followed by several motions to dismiss (nos. 38, 56, 58, 69), all of which the court denied (nos. 54, 72, 73). On July 28, 2012, the court struck (no. 106) Mrs. Howard's answer to the complaint pursuant to Fed. R. Civ. P. 37(b)(2)(A).

For the reasons stated below, the magistrate judge recommends that default judgment as to liability be entered against both defendants.

## Jurisdiction and Venue

This court has jurisdiction pursuant to 28 U.S.C. § 1331, as this matter arises under federal law (18 U.S.C. § 1595(a)). There is supplemental jurisdiction over plaintiff's state law claim pursuant to 28 U.S.C. § 1369 because it shares a "common nucleus of operative fact" with her federal law claims. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966). Extraterritorial jurisdiction is established by 18 U.S.C. § 3271. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## Appropriateness of Default Judgment

Mr. Howard has not answered or otherwise responded to the complaint, and the Clerk has entered default against him. It is accordingly appropriate for the court to enter default judgment against him pursuant to Fed. R. Civ. P. 55, which permits the court to grant a motion for default judgment where the well-pled allegations of the complaint establish plaintiff's entitlement to relief, and where a defendant has failed to plead or defend as provided by and within the time frames contained in the rules. *Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985); Fed. R. Civ. P. 55.

With respect to Mrs. Howard, it is appropriate for the court to enter default judgment against her pursuant to Fed. R. Civ. P. 37 and under the Fourth Circuit's four-factor test for the appropriateness of discovery sanctions. *See Belk v. Charlotte-Mecklenburg Board of Education*, 269 F.3d 305, 348 (4th Cir. 2001) (courts should determine existence of bad faith, amount of prejudice, need for deterrence, and effectiveness of less drastic sanctions) (internal citation omitted).

Mrs. Howard's failure to participate in the discovery process as ordered by the court is detailed in the order of July 28, 2012 striking her answer and incorporated herein by reference. *See* no. 106. Mrs. Howard's bad faith is evidenced by her representation to the court that she was unaware of any upcoming overseas, job-related travel two weeks before she retired and left the country, her refusal to appear for a deposition as ordered by the court, and her refusal to communicate with plaintiff's counsel to facilitate discovery as ordered by the court. Plaintiff has been prejudiced severely by her inability to take a deposition of Mrs. Howard and to receive information necessary to permit her to prosecute her case. There is a great need to deter defendants from determining that the proper response to litigation is to leave the country and refuse to participate in the resolution of a dispute. Finally, in light of Mrs. Howard's flight from the country, it is clear that less drastic sanctions would not be effective. Accordingly, entry of default judgment against Mrs. Howard is warranted pursuant to Fed. R. Civ. P. 37.

## Discussion and Findings

By defaulting, a defendant admits the plaintiff's well-pled allegations of fact, which then provide the basis for judgment. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). *See also DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2008) (citing *Ryan*); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has effect of admitting factual allegations in complaint); *Marion County Court v. Ridge*, 13 F.2d 969, 971 (4th Cir. 1926) (default admits well-pled facts). Accordingly, both defendants have admitted the well-pled allegations of fact contained in the first amended complaint.

Extended discussion of the first amended complaint's allegations would not be useful under the circumstances. Briefly summarized, the first amended complaint alleges that Mrs.

Howard was a State Department employee; that defendants tricked plaintiff into accompanying them as their domestic servant to Japan, where they held her virtually as a prisoner in their home and forced her to work for them for less than $1.00 per hour and where Mr. Howard repeatedly raped her with Mrs. Howard's knowledge and consent; and that Mr. Howard traveled to Ethiopia in an attempt to locate and threaten plaintiff after the State Department began an investigation.

The six counts of the first amended complaint allege:

a) Involuntary servitude in violation of 18 U.S.C. § 1584 (against both defendants);

b) Forced labor in violation of 18 U.S.C. § 1589 (against both defendants);

c) Trafficking with respect to forced labor or involuntary servitude in violation of the Trafficking Victims Protection Act of 2000, 18 U.S.C. §§ 1584, 1589, and 1590 (against both defendants);

d) Conspiracy in violation of 18 U.S.C. § 1594 and civil conspiracy in violation of common law (against both defendants);

e) Obstructing enforcement in violation of 18 U.S.C. § 1590(b) (against defendant Russell Howard); and

f) Unjust enrichment (against both defendants).

The magistrate judge finds that the first amended complaint's well-pled allegations establish liability as to each defendant against whom each count is alleged.

### Recommendation

The magistrate judge accordingly recommends that default judgment as to liability be entered against both defendants, and that the court hold a trial only as to the amount of damages.

### Notice

By means of the court's electronic filing system and by mailing copies to defendants at

their address for service of process, the parties are notified as follows. Objections to this report and recommendation must be filed within fourteen (14) days of service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.

/s/<br>
Thomas Rawles Jones, Jr.<br>
United States Magistrate Judge

August 7, 2012
Alexandria, Virginia